Spear, J.
The grounds urged for reversal of the judgment of the circuit court are :
1. The action was for a nuisance, and hence abated at the -death 'of the party injured.
*446 2. The petition did not state facts sufficient to constitute a cause of action.
Was the action below one for a nuisance? The gravamen of the petition is that .the deceased was injured because of the dangerous and unsafe condition of the street along which she was traveling; that the street had been unskilfully and negligently constructed and left, was out of repair, and obstructed by rubbish and refuse. In other words, the charge is that the village constructed a dangerous road, and allowed it to become and remain out of repair, from which private damage ensued.
The term “nuisance” is of extended application. Many definitions are given, necessarily varied because the word applies to a large number of subjects. “ The term ‘ nuisance/ derived from the French word ‘ nuire,’ to do hurt or to annoy, is applied in the English law indiscriminately to infringements upon the enjoyment of proprietary and personal rights.” Addison on Torts, 361. “Nuisance, something noxious or offensive. Anything not authorized by law which maketh hurt, inconvenience or damage. It may be (a) private, as where one so uses his property as to damage another’s, or disturb his quiet enjoyment of it; (b) public, or common, where the whole community is annoyed or inconvenienced by the offensive acts, as where one obstructs a highway, or carries on a trade that fills the air with noxious and offensive fumes.” Cochran’s Law Lexicon, 192.
We presume it can hardly be doubted that the street, as described in the petition in this case, was, in law, a nuisance. “ Nuisances to highways, bridges and public rivers. These annoyances may be either positive, by actual obstruction, or negative, by want of reparation. In the latter case, only those persons are liable whose duty it is to keep the road, etc., in repair.” Harris’ Criminal Law, 118. “ Defective highways a nuisance. — For the communities, individuals or corporations, upon whom is imposed the burden of keeping a highway in repair, to permit the same to be out of repair so as to endanger the safety of persons or property passing over it, or so as seriously to interfere with convenient transit over the same, is a public nuisance at common law, subjecting the com *447 munities, persons or corporations, upon whom the duty of keeping it in repair is imposed, to indictment, and generally to damages at the suit of persons injured by reason of such defects or want, of repair.” Wood on Nuisances, section 307.
We conclude that the generally accepted rule is, that although the nuisance be a public one, yet it is private also, if an individual sustain a special injury thereby, and he may maintain an action and recover his special damage, whether it be direct or only consequential.
This petition then charged the maintenance of a nuisance. It charged that by reason of that nuisance the plaintiff’s intestate had been injtired. ‘It is insisted that the action below was for negligence. This proposition does not seem to advance the argument.. The maintenance of any nuisance implies negligence, or worse. The negligence averred produced a nuisance, and it was the nuisance which was the occasion of the injury. Any failure to keep a safe highway implies neglect, but it was necessary to allege a state of facts from which the negligence would be inferred. Averring such state of facts showed that a nuisance had been created, but it was not necessary that the word “ neglect ” or “ negligence,” should be used in the petition. The action was, therefore, “ for a nuisance,” i. e., for maintaining a nuisance from which private damage ensued.
The statute (sec. 2640, Rev. Stats.), gives to municipal corporations the care, supervision and control of all public highways, etc., and requires that the same shall be kept open, and in repair, and free from nuisance. In effect it is a requirement that the corporation shall prevent all nuisances therein, and when, by allowing a street to become so out of repair as. to be dangerous, the corporation itself maintains a nuisance, and a suit to recover for injuries thereby occasioned, is for damage arising from a nuisance, or “ for a nuisance.” The statute does not give a remedy; it but enjoins the duty. And when a duty to keep streets in repair is enjoined on municipal corporations, either by a statute in the form now in force, or by a provision which authorizes them to pass ordinances for regulating streets and keeping them in repair, and *448 gives power to levy taxes for that purpose, and presumably, to obtain a fund for satisfying claims for damages, a right of action for damages caused by such neglect, arises by the common law.
Did the action abate by the death of the person injured? As a general rule, at common law, actions ex contractu survived, while actions ex delicto did not. To this there were exceptions. One was that, in actions ex delicto, so far as the act complained of resulted in damage to property, the action survived Another was, that though the action was founded on contract, as a suit for breach of promise of marriage, yet if the damage resulting was to the person, and not to the property, the action did not survive. The reason for the dis■tinction was stated by Lord Ellenborough, in Chamberlain v. Williamson, 2 M. & S. 408, thus: “ Executors and ad-
uni nistrators are the representatives of the temporal property, •that is, the debts and goods of the deceased, but not of their wrongs, except where those wrongs operate to the temporal injury of their personal estate.” In other words, the pain and suffering endured, or the impairment of the body, not being a property interest, did not pass to a personal representative. Nor were such causes assignable. The rule was that “ demands arising from injuries strictly personal, whether arising upon tort or contract, are not assignable.” McKee v. Judd, 12 N. Y. 622. “A chose in action which is transmissible to an executor or administrator, under our law, is .assignable in equity; but personal torts, which die with the person, are not assignable.” Grant v. Ludlow, 8 Ohio St. 37. •Survivability and assignability of things in action were thus treated as convertible terms. “ In general, it may be affirmed that mere personal torts, which die with the party, and do not survive to his personal representatives, are not capable o'f ■passing by assignment.” Comegys v, Vasse, 1 Pet. 213.
In this view, at common law, no action for death occasioned by wrongful act could be maintained. No right was transmitted, because no person has such an interest in his own life as will constitute property in any legal sense,' and property .rights only were transmissible. Hence followed the.enact *449 ■ment of statutes in many of the states, including our own, giving a right of action for death occasioned by wrongful act, in the name of the personal representative, for the benefit of .the next of kin, or widow, or both. It will be noted that it nowhere appears that the death in this case was caused by the injuries complained of, nor does the petition of the administrator purport to be founded on the statute referred to.
So that when our statute provides that actions for damages for slander, libel, assault and battery, on the case for nuisance, etc., shall abate by the death of either party, it but gives legislative expression to a rule of the common law. A change made by the adoption of the code is important to notice. Previously the statute caused such action to abate by the death of •either party. The code, sec. 399, provided that such action .should abate by the death of the defendant. The present statute, sec. 5144, Rev. Stats., which took effect January 1, 1880, restored the original language, and provided that the actions, therein enumerated, including actions “ for a nuisance,” should abate on the death of either party. The injury to the party in this case occurred April 28, 1883.
The question is not without .difficulty, and much may be said on the other side, but, as conclusion, upon the grounds .stated, we think the action abated upon the death of plaintiff by force of sec. 5144.
By reason of the conclusion reached on the first proposition, the other becomes unimportant. However, we are of opinion that, but for the effect of sec. 5144, the petition would not have been bad on demurrer. It is not a model of definiteness, perhaps, but the remedy for such defect is by motion, and not by demurrer.

Judgment of the circuit court reversed, and that of the common pleas affirmed.